**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-62694-STRAUSS**

**KENNY MOORE,**

Plaintiff,
v.

**FEDERAL BUREAU OF INVESTIGATION,**

Defendant.
______________________________________/

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

THIS MATTER came before the Court upon Plaintiff's Emergency Response to the Order to Show Cause & Motion to Expedite Review ("Show Cause Response") [DE 7].[1]

Plaintiff commenced this action by filing a Complaint for a Civil Case [DE 1], wherein Plaintiff seeks the return of personal property allegedly seized by the FBI on or around July 1, 2026. Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, in the portion of Plaintiff's Complaint that directs Plaintiff to list the federal statutes, treaties, or provisions of the Constitution that are at issue in this

[1] Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge was assigned as the presiding Judge for all purposes in this case, including to conduct all proceedings and order the entry of judgment. Following the assignment of this matter to me, I notified Plaintiff of his right to have a United States District Judge preside over this case [DE 5]. I set a deadline of October 13, 2026, for Plaintiff to file a notice of consent or, if he wished to opt out of magistrate judge jurisdiction, a motion for case reassignment. Plaintiff has not filed a notice of consent or motion for case reassignment in accordance with DE 5, and the deadline to do so has passed. Nevertheless, Plaintiff continued to participate in the case with the filing of his Show Cause Response [DE 7]. Therefore, Plaintiff has impliedly consented to magistrate judge jurisdiction. *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (a party's consent to the Magistrate Judge's jurisdiction under § 636(c) is supplied by a "general appearance[] before the Magistrate Judge, after [the party] ha[s] been told of [the party's] right to be tried by a district judge").

case, Plaintiff solely lists Rule 41(g) of the Federal Rules of Criminal Procedure. Plaintiff seemingly attempts to invoke this Court's equitable jurisdiction. *See Trump v. United States*, No. 22-13005, 2022 WL 4366684, at *7 (11th Cir. Sept. 21, 2022) ("Our binding precedent states that when a person seeks return of seized property in pre-indictment cases, those actions are governed by equitable principles, whether viewed as based on Federal Rule of Criminal Procedure 41(g) or on the general equitable jurisdiction of the federal courts." (cleaned up)).

Importantly, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Trump v. United States*, 54 F.4th 689, 694 (11th Cir. 2022) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Exercises of equitable jurisdiction . . . should be 'exceptional' and 'anomalous.'" *Id.* (citation omitted). The Eleventh Circuit "has developed an exacting test for exercising equitable jurisdiction over suits flowing from the seizure of property." *Id.* at 697. That test requires courts to consider four factors:

> (1) whether the government displayed a "callous disregard" for the plaintiff's constitutional rights; (2) "whether the plaintiff has an individual interest in and need for the material whose return he seeks"; (3) "whether the plaintiff would be irreparably injured by denial of the return of the property"; and (4) "whether the plaintiff has an adequate remedy at law for the redress of his grievance."

*Id.* (quoting *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975)).

On September 28, 2026, I entered an Order to Show Cause [DE 6] outlining the foregoing and noting that Plaintiff failed to address the applicable factors or to demonstrate some other basis upon which this Court would have jurisdiction. Consequently, I ordered Plaintiff to file a written

response to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.[2]

In his Show Cause Response [DE 7], Plaintiff addresses the second, third, and fourth factors. However, Plaintiff does not contend that the government displayed a callous disregard for Plaintiff's constitutional rights, and nothing in the record would allow this Court to so conclude. Because Plaintiff has not demonstrated that the first factor (callous disregard for his constitutional rights) is satisfied, this Court cannot exercise equitable jurisdiction. After all, "equitable jurisdiction exists only in response to the most callous disregard of constitutional rights, and even then only if other factors make it clear that judicial oversight is absolutely necessary." *Trump*, 54 F.4th at 698. In other words, binding "precedent emphasizes the indispensability of an accurate allegation of callous disregard." *Id.* (internal quotation marks and citations omitted). Given that such an allegation is lacking, this Court cannot intervene. *See id.*

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of October 2026.

**Jared M. Strauss**
**United States Magistrate Judge**

[2] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("If subject-matter jurisdiction does not exist, dismissal must be without prejudice." (citation omitted)).